UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION MACKLIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CLEVERINGA,<br><br>　　　　Respondent. | No.  2:19-cv-02598-TLN-CKD P<br><br><br>ORDER |

Petitioner is a state inmate proceeding pro se and in forma pauperis in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  On April 2, 2020, respondent filed a motion to dismiss contending that petitioner's federal habeas application does not raise any federal constitutional claim and, to the extent it does, the claim is unexhausted.  ECF No. 11.  To date, petitioner has not filed any opposition or statement of non-opposition to respondent's motion.  The court will sua sponte grant petitioner an extension of time to file such a response before ruling on the motion.  Attached to this order is a notice for pro se parties pertaining to unexhausted claims for relief in a federal habeas application.

　　　　Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall file an opposition or statement of non-opposition to respondent's motion to dismiss within 30 days of the date of this order.

1

2. Respondent may file a reply, if any, within 14 days of service of any opposition.

Dated: September 16, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mack2598.noopp+exhaust.docx

**NOTICE TO PRO SE HABEAS PETITIONER REGARDING EXHAUSTION**

A motion to dismiss your federal habeas petition has been filed on the basis that it contains a claim(s) that has not been presented to the state courts. This is referred to as an "unexhausted claim." Federal law requires any habeas claim to be presented first to the state courts in order to correct any constitutional error. See 28 U.S.C. § 2254(b)(1)(A); see also Rose v. Lundy, 455 U.S. 509, 515-16 (1982)(explaining why federal habeas petitioners must exhaust claim by giving state courts the first opportunity to correct constitutional error); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (explaining that exhaustion requires the completion of "one complete round" of state court review).

In response to this motion to dismiss, you may file a brief in opposition within 30 days from the date of this Notice. Your opposition may include a request that the federal court place your federal habeas petition on hold while you return to state court(s) in order to fully exhaust your claim(s). This is referred to as a "stay and abeyance." Federal law provides for two very different types of a stay and abeyance. Any request you make for a stay should specify which type of stay you are seeking.

The first type of a stay is referred to as a "Rhines" stay. See Rhines v. Weber, 544 U.S. 269, 278 (2005). The court may stay a habeas petition containing exhausted and non-exhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. Rhines, 544 U.S. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). You should address all three of these factors if you are requesting a Rhines stay. If the court grants your request for a Rhines stay, the entire federal habeas petition including the unexhausted claim(s) will be put on hold. It does not require you to file any amended federal habeas petition.

The second type of a stay is referred to as a "Kelly" stay. In Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), a stay and abeyance involves the following three-step process: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in

abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and, (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.  This is a more cumbersome procedure than a Rhines stay because it requires you to file multiple amended federal habeas petitions, but it does not require a petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, a Kelly stay runs the risk of preventing review on the merits of any unexhausted claim for relief due to the one year statute of limitations governing federal habeas claims.  See King, 564 F.3d at 1140-41 (emphasizing that a "petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them **only** if those claims are determined to be timely.  And demonstrating timeliness will often be problematic under the now-applicable legal principles.") (emphasis added); see also 28 U.S.C. § 2244(d)(1)(stating that a one year period of limitation shall apply to all federal habeas petitions challenging a state court judgment).

　　　　Be advised that the motion to dismiss may not be ruled on for several months based on the current caseload of this court.  Nothing in this notice prevents a federal habeas petitioner from returning to state court(s) while a motion to dismiss is pending.  If the state court(s) issues a ruling on your constitutional claim while the motion to dismiss is pending, you should file a "Notice of Exhaustion" in this federal habeas action along with a copy of the state court ruling.