1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DION MACKLIN,                                    No. 2:19-cv-02598-TLN-CKD

12                         Petitioner,

13            v.                                        FINDINGS AND RECOMMENDATIONS

14    CLEVERINGA,

15                         Respondent.

16

17            Petitioner is a state inmate proceeding pro se and in forma pauperis in this habeas corpus

18    action filed pursuant to 28 U.S.C. § 2254.  On April 2, 2020, respondent filed a motion to dismiss

19    contending that petitioner's federal habeas application does not raise any federal constitutional

20    claim and, to the extent it does, the claim is unexhausted.  ECF No. 11.  Petitioner has not filed

21    any opposition to the motion.  For the reasons explained below, the undersigned recommends

22    granting respondent's motion to dismiss on the ground that the habeas corpus petition is wholly

23    unexhausted.[1]

24    **I.       Factual Background**

25            On December 19, 2019, petitioner filed the instant federal habeas corpus application

26    challenging his December 19, 2018 disciplinary conviction for possession of a controlled

27    _____

28    [1] Based on this recommendation and in the interests of judicial economy, the court finds it
unnecessary to address the remaining ground for dismissal.

                                                    1

substance in an institution.[2]  ECF No. 1.  As a result of this disciplinary conviction, petitioner lost 130 days of good time credit plus an additional loss of privileges.  Petitioner raises a single challenge to his conviction asserting that the CDCR violated his right to due process because he had only used marijuana and had not possessed the marijuana that was found on a bus transporting inmates.  ECF No. 1 at 3.

## II.       Motion to Dismiss

In his motion to dismiss, respondent contends that petitioner's habeas claim does not raise a federal question because it broadly asserts a due process violation without referencing any federal constitutional provision or federal or state case raising a federal due process claim.  ECF No. 11 at 2.  Alternatively, respondent asserts that to the extent that petitioner's habeas application raises a constitutional claim, it has not been properly exhausted in state court.  ECF No. 11 at 3-4.  While petitioner filed inmate grievances challenging his disciplinary conviction, he did not file any habeas corpus petition in state court raising the due process claim.  According to respondent, "[i]t appears Macklin confused exhausting administrative remedies with exhausting state court remedies, and he did the former but not the latter."  ECF No. 11 at 4.

## III.      Legal Standards

Pursuant to Rule 4 of the Rules Governing Section 2254 Petitions, respondent may file an "answer, motion, or other response."  The Ninth Circuit has specifically approved of the use of a motion to dismiss rather than an answer in cases where it is alleged that petitioner has failed to exhaust state court remedies.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).  A federal court must dismiss a federal habeas petition that contains any unexhausted claim for relief.  See Rhines v. Webber, 544 U.S. 269, 273 (2005).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement

---

[2]  The filing date was calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

2

1    by providing the highest state court with a full and fair opportunity to consider each habeas claim

2    before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton

3    v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  The prisoner must "fairly present" both the

4    operative facts and the federal legal theory supporting his federal claim to the state's highest

5    court, "thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S.

6    27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other

7    grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  The United States Supreme Court

8    has held that a federal district court may not entertain a petition for habeas corpus unless the

9    petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy,

10   455 U.S. 509 (1982) (establishing the total exhaustion rule).

11        **IV.    Analysis**

12        According to the federal habeas application filed in this case, petitioner has not "filed any

13   other petitions, applications, or motions with respect to this conviction, commitment, or issue in

14   any court…."  ECF No. 1 at 5.  Nor has petitioner filed any opposition to the motion to dismiss

15   describing how his state court remedies have been exhausted.  In light of the exhaustion rule

16   requiring petitioner to present his claims in state court before proceeding to federal habeas, the

17   undersigned recommends granting respondent's motion to dismiss.  See Coleman v. Thompson,

18   510 U.S. 722, 731 (1991) (stating that "a state prisoner's federal habeas petition should be

19   dismissed if the prisoner has not exhausted available state remedies as to any of his federal

20   claims.").  It is further recommended that petitioner's federal habeas application be dismissed

21   without prejudice as wholly unexhausted.

22        **V.    Plain Language Summary for Pro Se Party**

23        The following information is meant to explain this order in plain English and is not

24   intended as legal advice.

25        The court has reviewed your habeas corpus petition as well as respondent's motion to

26   dismiss.  Since you did not properly exhaust your state court remedies, the undersigned is

27   recommending that your habeas corpus petition be dismissed without prejudice.  If you disagree

28   with this outcome, you have 14 days to explain why it is not correct.  Label your explanation as

                                                        3

1 "Objections to Magistrate Judge's Findings and Recommendations."

2       Accordingly, IT IS HEREBY RECOMMENDED that:

3    1. Respondent's motion to dismiss (ECF No. 11) be granted based on petitioner's failure

4        to exhaust his state court remedies.

5    2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice.

6       These findings and recommendations are submitted to the United States District Judge

7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8 after being served with these findings and recommendations, any party may file written

9 objections with the court and serve a copy on all parties.  Such a document should be captioned

10 "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

11 may address whether a certificate of appealability should issue in the event he files an appeal of

12 the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

13 court must issue or deny a certificate of appealability when it enters a final order adverse to the

14 applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of

15 appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it

16 debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of

17 reason would find it debatable whether the petition states a valid claim of the denial of a

18 constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

19 McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed

20 within fourteen days after service of the objections.  The parties are advised that failure to file

21 objections within the specified time may waive the right to appeal the District Court's order.

22 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 Dated:  November 2, 2020

24                           _____

25                           CAROLYN K. DELANEY
                           UNITED STATES MAGISTRATE JUDGE

26

27 12/mack2598.mtd.exhaust.docx

28